### SMITH v. SO. CA. & GA. R. R.

CHARGE—REQUEST—CONTRIBUTORY NEGLIGENCE.—Where a plaintiff alleges that a personal injury was sustained by reason of the negligence of another, without fault on his part, an instruction that "if he prove that such injury was brought about by the negligence of the company, and he did not by his own negligence contribute to the injury," he was entitled to recover, is not error, in absence of a request by plaintiff to charge that the defense of contributory negligence could not be sustained, unless defendant prove it by the preponderance of the evidence.

Before WATTS, J., Orangeburg, May, 1900. Affirmed.

Action by James Smith against South Carolina and Georgia Railroad Co. From judgment for defendant, plaintiff appeals.

*Messrs. W. C. Wolfe, H. H. Brunson* and *M. S. Conner,*

for appellant, cite: *Where plaintiff alleges the injury was sustained without his fault, the defendant may show contributory negligence without pleading it; rule of evidence remains same:* 50 S. C., 53; 51 S. C., 159; 19 S. C., 20; 7 Ency., 2 ed., 453.

*Messrs. Joseph W. Barnwell* and *B. L. Abney* and *Raysor & Summers, contra.* The former cite: *Plaintiff should have asked Judge to charge law of contributory negligence:* 40 S. C., 134; 60 S. C., 9.

January 20, 1902.   The opinion of the Court was delivered by

MR. JUSTICE GARY.   This is an action by an employee for personal injuries.   The complaint alleges that the plaintiff, on or about 1st February, 1899, while employed by the defendant as a laborer, was by the direction of the defendant engaged in shoveling coal, filling the coal buckets or bins and working in and about the coal chute owned and operated by the defendant, at or near Branchville, S. C.   That at said time and place, owing to the carelessness and negligence of the defendant, and without fault on the part of the plaintiff, in not providing safe and suitable, but actually defective appliances, such as chains, ropes, gear and fastenings, to perform the said labor; and also owing to the further carelessness and negligence of the servants and agents of the defendant, who were present and aiding in the performance of the said labor, in not carefully and skillfully operating the machinery and appliances used for the performance of the said work, he was injured in the manner described in the complaint.   The answer of the defendant was a general denial.

The record contains the following statement: "The plaintiff then offered evidence to sustain the allegations of the complaint, and defendant introduced evidence in support of the defense, that defendant was not negligent, as alleged in the complaint, and further tending to show that plaintiff was

himself guilty of contributory negligence, and that the injury to plaintiff would not have occurred but for such negligence on the part of the plaintiff, which negligence contributed to the injury as a proximate cause thereof, and also evidence tending to show that the injury to plaintiff was neither permanent nor serious."

The jury rendered a verdict in favor of the defendant, and the plaintiff appealed upon the following exceptions: "1. Contributory negligence is an affirmative plea, usually interposed by the defendant, and is required to be established by the party interposing it by a preponderance of the evidence. So it is error to instruct the jury, as his Honor did in this case, 'when a party brings into Court a grievance against another, it is upon him to establish his case by a preponderance of the testimony. If in this case the plaintiff has proven that he was in the employ of the railroad company and that he was injured, and that such injury was brought about by the negligence of the company, and he did not by his own negligence contribute to the injury, then he is entitled to recover * * *' because under this instruction the plaintiff was required to prove by a preponderance of the testimony that he did not negligently contribute to his injuries complained of." It will be observed that the plaintiff in his complaint alleges that the injury was sustained *without any fault on his part*. The only error assigned is that, under the charge of his Honor, the presiding Judge, the plaintiff was required to prove by a preponderance of the testimony that he did not negligently contribute to his injuries. The charge of the presiding Judge was to the effect that the plaintiff would be entitled to a verdict, if he proved the facts alleged in the complaint by the preponderance of the testimony, including the allegation that the injury occurred without any fault on his part. He did not, however, charge that it was incumbent on the plaintiff to prove that he did not contribute to his injury. The record does not show that the question raised by the exception was contested in the Circuit Court. If the appellant desired the Circuit Judge to charge the jury

that the defense of contributory negligence could not be sustained unless the defendant proved it by the preponderance of the testimony, he should have prepared a request to that effect.

It is the judgment of this Court, that the judgment of the Circuit Court be affirmed.